PETER J. PUTIGNANO
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 305-0354

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| ROHM AND HAAS COMPANY and ) | |
| MORTON INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action initiated pursuant to Sections 107(a) and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9607(a) and 9613, as amended ("CERCLA"), for recovery of response costs incurred by the United States as result of the release or threatened release of hazardous substances at the Hopkins Farm Superfund Site ("Site"), and for a declaratory judgment on liability to recover all future response costs incurred by the United States as a result of the release or threatened release

of hazardous substances at the Site. The address of Peter J. Putignano, counsel for Plaintiff, United States of America, is United States Department of Justice, P.O. Box 7611, Washington, DC 20044-7611. The address of Defendant Rohm and Haas Company and Defendant Morton International, Inc. (collectively "Defendants") is 100 Independence Mall West, Philadelphia, PA 19106-2399.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this judicial district under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c), because the claims arose and the threatened or actual releases of hazardous substances occurred in this district.

## DEFENDANTS

4. Rohm and Haas Company is incorporated under the laws of the State of Delaware. Upon information and belief, at all relevant times, Rohm and Haas Company, as successor in interest to Thiokol, Inc., Morton Thiokol, Inc., and Morton International, Inc., generated chemicals and other related products at its facility in and/or around Trenton, NJ.

5. Morton International, Inc. is incorporated under the laws of the State of Indiana. Upon information and belief, at all relevant times, Morton International, Inc., as successor in interest to Thiokol, Inc. and Morton Thiokol, Inc., generated chemicals and other related products at its facility in and/or around Trenton, NJ.

## GENERAL ALLEGATIONS

6. The Site, located in Plumsted Township, Ocean County, NJ, encompasses approximately less than one acre of a 57-acre parcel on Block 46, Lots 16 and 17. The Site is forested and surrounded by small residential developments and farms.

7. Between 1950 and 1965, Defendants arranged for the disposal of wastes, including but not limited to, methylene chloride, acetone, trichloroethene, bis(2)-chloroethoxy, methane, antimony, copper, and lead, at the Site.

8. As a result of Defendants' disposal practices, the soil and groundwater at the Site became contaminated with hazardous substances, including but not limited to, methylene chloride, acetone, trichloroethene, bis(2)-chloroethoxy, methane, antimony, copper, and lead.

9. Following Site investigations by EPA and the New Jersey Department of Environmental Protection ("NJDEP"), EPA listed the Site on the National Priorities List ("NPL") of abandoned hazardous waste sites on September 1, 1984.

10. NJDEP began a Remedial Investigation and Feasibility Study ("RI/FS") of the Site.

11. NJDEP completed the RI/FS in 1992.

12. In August 1991, Defendants entered into an Administrative Consent Order with NJDEP to remove hazardous substances from the Site.

13. From 1991 through 1995, Defendants removed hazardous substances from the Site and conducted groundwater monitoring at the Site.

14. In July 1996, EPA issued a "Baseline Risk Assessment" of the Site which found that the actual or threatened releases of hazardous substances at the Site did not pose a risk to human health or the environment, but recommended additional monitoring to verify the findings.

15. In September 1996, EPA issued a Record of Decision ("ROD") for the Site that required, among other things, long-term groundwater, surface water, and soil monitoring; visual Site inspections; and the continuation of a well restriction area.

16. By letter dated April 9, 1997, EPA notified Defendants of their potential liability under CERCLA with respect to the Site.

17. On September 24, 1997, EPA and Morton International, Inc., a predecessor to Rohm and Haas Company, entered into an Administrative Order on Consent, EPA Index No. II-CERCLA-97-0115, requiring performance of the ROD at the Site and the payment of a part of EPA's past response costs.

18. On December 10, 2001, EPA notified Defendants that there are no significant potential risks to human health and the environment at the Site and that monitoring is complete.

19. On August 27, 2002, EPA de-listed the Site from the NPL.

20. On November 20, 2008, EPA sent a demand for payment to Defendants for unreimbursed past response costs.

## FIRST CLAIM FOR RELIEF
(Recovery of response costs)

21. Paragraphs 1-20 are realleged and incorporated herein by reference.

22. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as amended, provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
> (1) the owner and operator of a vessel or facility,
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities . . . or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
    (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan.

23. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

24. Substances found in the waste at the Site, such as those substances identified in Paragraphs 7 and 8 above, are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

25. The "hazardous substances" found at the Site were "released" or threatened to be released into the "environment" within the meaning of Sections 101(14), 101(22) and 101(8) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22), and 9601(8), respectively, and the hazardous substances were disposed of at the Site within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29).

26. Defendants are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

27. To protect the health, welfare, and environment from the actual or threatened release of hazardous substances from the Site, the Administrator of EPA, pursuant to Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), has undertaken response activities with respect to the Site, including investigations, monitoring, testing, enforcement activities, and removal activities.

28. Defendants are persons who, by contract, agreement or otherwise, arranged for disposal or arranged with a transporter for disposal of hazardous substances owned or possessed by Defendants at the Site as described in Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

29. Hazardous substances of a kind similar to the hazardous substances that Defendants either transported to the Site and/or arranged for disposal or arranged with a transporter for disposal at the Site were, at times relevant hereto, present at the Site.

30. As a result of releases or threatened releases of hazardous substances at the Site, the United States has incurred, including interest, approximately $393,586.71 in unreimbursed response costs, as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). These response costs were incurred in a manner not inconsistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

31. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable for all unreimbursed response costs, plus accrued interest, incurred and to be incurred by the United States in connection with the Site.

## SECOND CLAIM FOR RELIEF
(Declaratory judgment for future response costs)

32. Paragraphs 1-31 are realleged and incorporated herein by reference.

33. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in part:

> In any such action . . . [for recovery of the costs referred to in section 9607 of this title], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

34. The United States may incur additional response costs in connection with the Site.

35. The response costs the United States may incur at the Site in the future will not be inconsistent with the NCP.

36. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendants are liable to the United States under

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all future response costs incurred by the United States in connection with the Site.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States prays that this Court:

1. Enter judgment in favor of the United States and against Defendants, jointly and severally, for the response costs incurred by the United States, including prejudgment interest, for response actions related to the Site;

2. Enter a declaratory judgment that the Defendants are liable for all future response costs to be incurred by the United States for response actions related to the Site;

3. Award the United States its costs in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____
ELLEN MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

_/s/ Peter J. Putignano_
PETER J. PUTIGNANO
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 305-0354
Fax: (202) 616-6583
Email: Peter.Putignano@usdoj.gov

PAUL J. FISHMAN
United States Attorney
District of New Jersey

SUSAN STEELE
Chief, Civil Division
United States Attorney's Office, District of New Jersey
970 Broad Street
Newark, NJ 07102
Telephone: (973) 645-2920
Fax: (973) 645-2702
Email: Susan.Steele@usdoj.gov

OF COUNSEL:

LEENA RAUT
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway
New York, NY 10007-1866